IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| VICTOR RAFAEL GONZALEZ-CRUZ, | Case No. 6:19-cv-01939-AA |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| UNITED STATES, *et al.*, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff, Victor Rafael Gonzalez-Cruz, bring this action pursuant to 42 U.S.C. § 1983, against defendants, the United States of America, William Barr, United States Attorney General, and Matthew Albence, Acting Direct of the United States Immigration and Customs Enforcement ("ICE"). Plaintiff alleges claims against defendants for violating his Fifth Amendment due process rights and Eight Amendment right to be free of cruel and unusual punishment.[1] Before the Court is

---

[1] Similarly, plaintiff alleges a violation of his rights under Article V of the United Nations Universal Declaration of Human Rights, which prohibits torture and cruel, inhumane or degrading punishment or treatment. That said, "the Declaration

plaintiff's application to proceed *in forma pauperis* ("IFP"). (doc. 1) Plaintiff's complaint also requests that this Court issue a temporary restraining order ("TRO") and permanent injunction barring defendants, from detaining or removing him under a civil immigration statutes. For the reasons below, plaintiff's request for injunctive relief is DENIED, and plaintiff's complaint is DIMSISSED, without prejudice.

## BACKGROUND

The facts are drawn from plaintiff's complaint and attached affidavits. Plaintiff is a 24-year-old man, who was born in Mexico but has resided in the United States since he was 8 years old. Plaintiff alleges that he has extensive family and community ties to the United States. Plaintiff is not a U.S. citizen. He notes in his complaint that he wants, among other things, to "apply for asylum and permanent residency." Compl. at 2.

At the time of this filing, plaintiff was incarcerated at the State of Oregon's Santiam Correctional Institution ("SCI"). Though it is unclear, it appears that plaintiff was charged in Marion County Circuit Court for Delivery of a Controlled Substance, Possession of a Controlled Substance, and Possession of a Firearm and had a previous conviction for Reckless Endangerment. Plaintiff plead guilty to the delivery charges and was sentenced to twenty-seven months in custody pursuant to a plea agreement. Plaintiff was scheduled to be released from state custody on

---

does not of its own force impose obligations as a matter of international law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004). The Declaration is not even a treaty; instead it is a non-binding declaration of the UN Gen. Assembly. *Fuller v. Nai Aupuni Directors*, 2016 WL 755609 (D. Haw. Feb. 25, 2016) (internal citations and quotations omitted). The Universal Declaration of Human Rights cannot by itself support creating a cause of action. *Id.*

December 3, 2019. He alleges that ICE "plans to unlawfully detain and remove" him from the U.S. "without due process of law" once he is released from state custody. Compl. at 2. In filing this complaint, plaintiff further "challenges the governments' [sic] authority to detain or remove a noncitizen without due process and without [a] finding of dangerousness or flight risk." *Id.*

## LEGAL STANDARD

Generally, all parties instituting any civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading

standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

The same general legal standards govern temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A plaintiff seeking such relief must establish (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiff's favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat'l*

*Resources Def Council*, 555 U.S. 7, 21 (2008). A court may not enter a preliminary injunction without first affording the adverse party notice and an opportunity to be heard. Fed. R. Civ. P. 65(1)(2); *People of State of Cal. ex rel. Van De Kamp v. Tahoe Regional Planning Agency*, 766 F.2d 1319, 1322 (9th Cir. 1985). By contrast, in an emergency temporary restraining order may be entered without notice. See Fed R. Civ. P. 65(b)(l)(A) (restricting availability of ex parte temporary restraining orders to situations in which "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.")

## DISCUSSION

I.  *IFP Application*

Plaintiff has filed the necessary paperwork to proceed IFP as required by 28 U.S.C. § 1915(a)(1). However, as plaintiff was prisoner incarcerated at SCI at the time of filing this complaint, 28 U.S.C. § 1915(a)(2) also requires in addition to the filed affidavit that plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff may not proceed IFP without this submission. Plaintiff notes in a cover sheet attached to his IFP application that he had submitted request for certification of his inmate trust account statement to officials at SCI. The Court has not received a copy of that statement to date. Normally, the Court would issue an Order to Show Cause in writing why this complaint should not be dismissed for failure to file the necessary documentation.

Nevertheless, the Court finds it appropriate to screen the complaint at this time due to nature of the relief requested.

II.  *Plaintiff's Claims[2]*

Plaintiff is challenging his potential detention by ICE upon release from state custody. The Court initially notes "[non-citizens] receive constitutional protections when they have come within the territory of the United States and developed substantial connection with this county." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990). As plaintiff is within the territory of the United States and has lived here for many years, he has a right to file an action under 42 U.S.C. 1983,

Three statutes govern immigration detention. *See* 8 U.S.C. §§ 1225,[3] 1226, 1231[4]. Though not alleged in his complaint, it is likely that his detention would be pursuant to § 1226(c) "which mandates detention during removal proceedings for noncitizens convicted of certain crimes." *Banda v. McAleenan*, 385 F. Supp. 3d. 1099, 1114 (W.D. Wash June 12, 2019). This Court has found no cases which have held that detention pursuant this statute is *per se* unconstitutional. The Supreme Court

---

[2] The Court denies plaintiff's request for preliminary injunctive relief for failure to show a likelihood of success on the merits.

[3] Section 1225(b) applies to "applicants for admission" who are stopped at the border or a port of entry, or who are "present in the United States" but "ha[ve] not been admitted." *Rodriguez v. Robbins*, 804 F.3d 1060, 1081 (9th Cir. 2015), *rev'd on other grounds*, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018) (citing 8 U.S.C. § 1225(a)(1)).

also has held that in the context of 1226(c) "the Government may constitutionally detain deportable [non-citizens] during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 518-521 (2003). Justice Kennedy, concurring, noted that a detained noncitizen could be entitled to "an individualized determination as to his risk of flight and dangerous if the continued detention became unreasonable or unjustified." *Id.* at 532.

Plaintiff's alleged protentional detention may also be governed § 1231. This section establishes a "removal period" for those have been ordered deported that lasts for ninety days, during which time "the Attorney General shall remove the alien." § 1231(a)(1)(A). It also provides, "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2).

Plaintiff cites the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) for the proposition that "even removable or inadmissible aliens are entitled to be free of detention." Compl. at 4. There the Court examined the post removal detention of a habeas petition under 8 U.S.C. § 1231(a)(6) and found that the statute included a presumptive reasonable time limitation for detention of six months. *United States v. Aguirre-Velasquez*, 2015 WL 8751828, at *2 (D. Or. Dec. 14, 2015) The Court held that "once removal is no longer foreseeable, continued detention is no longer authorized by statute" because a "statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. at 690, 699.

Here lies the complaint's primary flaw. Plaintiff's due process claims rely on an unacceptable degree of speculation and prognostication, as there is no evidence that he has yet to be or will imminently be detained unlawfully.[5] Although plaintiff seeks an injunction preventing his detention by defendants, a challenge to a potential future detention is not yet prudentially ripe.

The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). "Prudential ripeness, ... involves two overarching considerations: the fitness of the issues for judicial review and the hardship to the parties of withholding court consideration." *Alaska Right to Life Political Action Comm'n v. Feldman*, 504 F.3d 840, 849 (9th Cir.2007) (internal citations and quotations omitted)). It is "a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination of, especially,

---

[5] As to plaintiff's claim that separation from his family because detention would constitute cruel and unusual punishment. The Court finds no support for this assertion, as nearly every term of in custody detention necessarily separates a person from her family and community. If plaintiff is claiming that his detention without a bond determination would violate the Eighth Amendment, the Court likewise finds no support for the assertion. Rather, the Excessive Bail Clause of the Eight Amendment does not "accord a right to bail in all cases, but merely [provides] that bail shall not be excessive in those cases where it is proper to grant bail." *Carlson v. Landon*, 342 U.S. 524, 545 (1952). *See also Leader v. Blackman*, 744 F. Supp. 500, 509 (S.D.N.Y. 1990) ("It is well settled that bail may be denied under many circumstances, including deportation cases, without violating any constitutional rights.")

constitutional issues that time may make easier or less controversial." *Simmonds v. INS*, 326 F.3d 351, 357 (2d Cir.2003).

"[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citing *Tex. v. United States*, 523 U.S. 296, 300 (1998)). Indeed, several other courts within this circuit have found that ripeness principles extended to instances in which a habeas petitioner in ICE custody seeks preemptively to enjoin future, "illegal" custody. *See Tovmasyan v. Lynch*, 2016 WL 8234593, at *2 (C.D. Cal. July 15, 2016), *adopted by*, 2017 WL 555972 (C.D. Cal. Feb. 10, 2017; *Lin v. Lynch*, 2016 WL 1253265, at *2–3 (C.D. Cal. Mar. 7, 2016); *Phu Luc Nay v. Napolitano*, 2013 WL 2046401, at *4–5 (C.D. Cal. Apr. 1, 2013); *Hung v. Alcantar*, 2008 WL 2683243, at *3.

Plaintiff, at the time of filing this complaint, was not in ICE custody, and it is not clear from the pleadings whether he will indeed be detained. Immigration official may even grant plaintiff asylum or even residency if he applies. Further, the Court cannot now determine whether any future detention of plaintiff will violate the holding in *Zadvydas,* as plaintiff claims. Likewise, it is unclear if a potential detention under § 1226(c) would become "unreasonable or unjustified" as the detention itself has not yet occurred. *Demore v. Kim*, 538 U.S. at 532 (J. Kennedy, concurring).

Plaintiff has not shown, and cannot show under the present circumstances, that his future detention is likely to be indefinite or unjustified. Because the Court

cannot adjudicate the legality of Petitioner's hypothetical future detention based on the current record, this case, at a minimum, is not ripe for decision as a prudential matter.

## CONCLUSION

For the reasons set forth above, the Court dismisses plaintiff's complaint, without prejudice. The Application to Proceed IFP is denied as moot. Accordingly, this action is dismissed

IT IS SO ORDERED.

Dated this 28th day of January, 2020.

*Ann Aiken*
Ann Aiken
United States District Judge